IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                       No. CIV S-09-3092 EFB P

      vs.

T. FELKER, et al.,

      Defendants.        <u>ORDER</u>

                                  /

      Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. § 1983. On November 6, 2009, he submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

      Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff has not submitted a certified copy of his trust account statement or the institutional equivalent. By order dated November 16, 2009, the court informed plaintiff that he could comply with the trust account statement requirement of § 1915(a)(2) by having prison officials

1

complete the "Certificate" portion of the form application for leave to proceed *in forma pauperis*. The court granted plaintiff 30 days to submit the required trust account statement. Instead, plaintiff submitted a letter to the court informing it that prison mail room staff confirmed mailing of his application to proceed *in forma pauperis* on November 4, 2009. Because that application did not include a trust account statement, however, the court granted plaintiff one last 30-day extension of time to submit the trust account statement on May 11, 2010. Rather than submit the required statement, however, plaintiff has again sent the court a communication indicating that he informed prison staff to attach two trust account statements to his application to proceed *in forma pauperis*. The court informs plaintiff for the last time that it has not received the required trust account statement. It is plaintiff's responsibility to ensure that the court receives the statement, and failure to submit the statement by the expiration of the 30-day deadline set by the court in its May 11, 2010 order will result in a recommendation that this action be dismissed.

So ordered.

DATED: May 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE