1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MALIK JONES,

11            Plaintiff,                    No. CIV S-09-3092 WBS EFB P

12        vs.

13   T. FELKER, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff, a prisoner without counsel and in forma pauperis, has filed a complaint alleging

17   civil rights violations.  *See* 42 U.S.C. § 1983.  This proceeding was referred to this court by

18   Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

20   which a prisoner seeks redress from a governmental entity or officer or employee of a

21   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

22   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

23   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

24   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

25        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

26   screening, finds that it states cognizable claims against defendants Felker, McBrie, Pattion,

1

1   Amero, Pinneo, Hougland, Farley, Tuter, French, Crane, Baker, Harrison, Ingwerson,

2   Robbertson, Abamonga, Wright, and Gunter.

3        For the reasons stated below, the complaint does not state a cognizable claim against

4   defendants Vanderville, Peely, Brook, Lawrence, McCulley, Guillen, Carter, and Sanchez.

5   Claims against these defendants will therefore be dismissed with leave to amend.

6        A district court must construe a pro se pleading "liberally" to determine if it states a

7   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

8   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

9   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

10  action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

11  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

12  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

13  plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

14       A claim has facial plausibility when the plaintiff pleads factual content that allows
         the court to draw the reasonable inference that the defendant is liable for the
15       misconduct alleged. The plausibility standard is not akin to a "probability
         requirement," but it asks for more than a sheer possibility that a defendant has
16       acted unlawfully. Where a complaint pleads facts that are merely consistent with a
         defendant's liability, it stops short of the line between possibility and plausibility
17       of entitlement to relief.

18  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

19  framework of a complaint, they must be supported by factual allegations, and are not entitled to

20  the assumption of truth.  *Id.* at 1950.

21       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

22  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

23  the alleged violation was committed by a person acting under the color of state law.  *West v.*

24  *Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim

25  unless the facts establish the defendant's personal involvement in the constitutional deprivation

26  or a causal connection between the defendant's wrongful conduct and the alleged constitutional

1  deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

2  740, 743-44 (9th Cir. 1978).

3         Plaintiff names defendants Peely and Sanchez, but his complaint is devoid of any factual

4  allegations regarding these defendants.  Thus, plaintiff has stated no cause of action against

5  defendants Peely and Sanchez.

6         Plaintiff alleges that defendant Vanderville violated his rights under the Eighth

7  Amendment and the Equal Protection Clause of the Fourteenth Amendment (as well as

8  committed state-law assault, battery, and negligence) because plaintiff was not transferred out of

9  High Desert State Prison ("HDSP") to resolve a staff complaint he had filed alleging that he

10  faced a risk of harm at the hands of HDSP staff, after defendant Vanderville told him he would

11  be transferred once he appeared before the Institutional Classification Committee first to inform

12  them where he wanted to be transferred to.

13         A prison official violates the Eighth Amendment's proscription of cruel and unusual

14  punishment where he or she deprives a prisoner of the minimal civilized measure of life's

15  necessities with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834

16  (1994)**.**  Prison officials have a duty to take reasonable steps to protect inmates from physical

17  abuse.  *Norwood v. Vance*, 591 F.3d 1062, 1069 (9th Cir. 2010); *Farmer*, 511 U.S. at 833;

18  *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to

19  protect an inmate from attack may rise to the level of an Eighth Amendment violation where

20  prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  *E.g.,*

21  *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.  To state such an Eighth Amendment claim,

22  a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived

23  him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted

24  with deliberate indifference to the prisoner's health or safety.  *Id.* at 834.  To show deliberate

25  indifference, the prisoner must allege that the defendant knew of and disregarded an excessive

26  risk to inmate health or safety; "the official must both be aware of facts from which the inference

3

1   could be drawn that a substantial risk of serious harm exists, and he must also draw the

2   inference." *Id.* at 837.  A prison official may thus be free from liability if he or she did not know

3   of the risk or took reasonable action in response to the risk.  *Id.* at 844.

4       Plaintiff has not alleged sufficient facts to make out an Eighth Amendment Claim with

5   respect to defendant Vanderville.  Plaintiff does not allege that defendant Vanderville had any

6   authority to control the outcome of plaintiff's staff complaint or transfer request but

7   unreasonably failed to exercise that power to transfer plaintiff.

8       To state a claim under the Equal Protection Clause, plaintiff must allege facts showing

9   that he is a member of a protected class.  *See Harris v. McRae*, 448 U.S. 297, 323 (1980)

10   (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes).  Plaintiff must

11   also plead facts to demonstrate that defendants acted with an intent or purpose to discriminate

12   against him based upon his membership in a protected class.  *See Barren v. Harrington*, 152 F.3d

13   1193, 1194 (9th Cir. 1998).  Alternatively, plaintiff may allege facts showing that he has been

14   intentionally treated differently from others similarly situated without a rational basis for the

15   difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw*

16   *Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

17       Plaintiff has alleged insufficient facts to make out an equal protection claim against

18   defendant Vanderville.  He has not alleged that defendant Vanderville acted with an intent or

19   purpose to discriminate against him based on his membership in a protected class or that

20   defendant Vanderville intentionally treated him differently from others similarly situated without

21   a rational basis.

22       In California,

23   [a]ssault and battery are crimes as well as torts, and the statutory definition of the
     crimes is in the Penal Code: "An assault is an unlawful attempt, coupled with a
24   present ability, to commit a violent injury on the person of another."  (P.C. 240.)
     "A battery is any wilful and unlawful use of force or violence upon the person of
25   another." (P.C. 242.)  In tort actions for assault and battery, the courts usually
     assume that these Penal Code definitions and related criminal cases are
26   applicable.

4

5 Witkin, Summary of Cal. Law, Torts § 381; *see also Fluharty v. Fluharty*, 59 Cal.App.4th 484, 497 (Cal. App. 3d Dist. 1997) . Here, plaintiff has failed to allege any facts showing that defendant Vanderville committed an assault or battery on him.

"Actionable negligence [under California law] is traditionally regarded as involving the following: (1) a legal duty to use due care; (2) a breach of that duty; and (3) the breach as the proximate or legal cause of the resulting injury."  6 Witkin, Summary of Cal. Law, Torts § 835. Plaintiff alleges no facts showing that defendant Vanderville owed him a duty to effectuate his transfer out of HDSP, breached that duty, and that breach caused plaintiff injury.

As to defendants Brook, Lawrence, McCulley, Guillen, and Carter, plaintiff asserts the same causes of action (Eighth Amendment, equal protection, assault and battery, and negligence) based on the simple allegation that they subjected him to a "sadistic cell extraction."  Plaintiff does not include any facts about the allegedly sadistic extraction.  Such minimal facts do not suffice to state a claim for violation of the Eighth Amendment, equal protection, or for having committed assault, battery, or negligence under California law.

For those reasons, claims against defendants Vanderville, Brook, Lawrence, McCulley, Guillen, and Carter must be dismissed with leave to amend.  Plaintiff's claims against various Doe defendants will also be dismissed with leave to amend.  The use of Doe defendants is disfavored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Further, unknown persons cannot be served with process until they are identified by their real names.  Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights.  *See Brass v. County of L.A.*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).  The court will not investigate the names and identities of unnamed defendants.

Plaintiff may proceed forthwith to serve defendants Felker, McBrie, Pattion, Amero, Pinneo, Hougland, Farley, Tuter, French, Crane, Baker, Harrison, Ingwerson, Robbertson,

1  Abamonga, Wright, and Gunter and pursue his claims against only those defendants or he may

2  delay serving any defendant and attempt to state a cognizable claim against defendants

3  Vanderville, Peely, Brook, Lawrence, McCulley, Guillen, Carter, and Sanchez.

4      If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

5  defendants Vanderville, Peely, Brook, Lawrence, McCulley, Guillen, Carter, and Sanchez, he

6  has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to

7  proceed forthwith against defendants Felker, McBrie, Pattion, Amero, Pinneo, Hougland, Farley,

8  Tuter, French, Crane, Baker, Harrison, Ingwerson, Robbertson, Abamonga, Wright, and Gunter,

9  against whom he has stated a cognizable claim for relief, then within 30 days he must return

10  materials for service of process enclosed herewith.  In this event the court will construe

11  plaintiff's election as consent to dismissal of all claims against defendants Vanderville, Peely,

12  Brook, Lawrence, McCulley, Guillen, Carter, and Sanchez, without prejudice.

13      Any amended complaint must adhere to the following requirements:

14      It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

15  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

16  complaint, the original pleading is superseded.

17      It must show that the federal court has jurisdiction and that plaintiff's action is brought in

18  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

19  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

22  he does an act, participates in another's act or omits to perform an act he is legally required to do

23  that causes the alleged deprivation).

24      It must contain a caption including the name of the court and the names of all parties.

25  Fed. R. Civ. P. 10(a).

26  ////

6

1    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

2    P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

3    the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

4    multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

5    against different defendants must be pursued in multiple lawsuits.  "The controlling principle

6    appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

7    alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

8    claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

9    unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

10   different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

11   produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

12   Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

13   without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

14   607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

15   both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

16   nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

17   at 607 (no "buckshot" complaints).

18    The allegations must be short and plain, simple and direct and describe the relief plaintiff

19   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

20   *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

21   including many defendants with unexplained, tenuous or implausible connection to the alleged

22   constitutional injury or joining a series of unrelated claims against many defendants very likely

23   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

24   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

25   these instructions.

26   ////

1    Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

2    complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

3    allegations and that for violation of this rule the court may impose sanctions sufficient to deter

4    repetition by plaintiff or others.  Fed. R. Civ. P. 11.

5    A prisoner may bring no § 1983 action until he has exhausted such administrative

6    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

7    *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

8    claims are warranted by existing law, including the law that he exhaust administrative remedies,

9    and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims

10   against defendants Felker, McBrie, Pattion, Amero, Pinneo, Hougland, Farley, Tuter, French,

11   Crane, Baker, Harrison, Ingwerson, Robbertson, Abamonga, Wright, and Gunter.

12   Accordingly, the court hereby orders that:

13   1.  Claims against defendants Vanderville, Peely, Brook, Lawrence, McCulley, Guillen,

14   Carter, Sanchez, and Doe defendants are dismissed with leave to amend.  Within 30 days of

15   service of this order, plaintiff may amend his complaint to attempt to state cognizable claims

16   against these defendants.  Plaintiff is not obligated to amend his complaint.

17   2.  The allegations in the pleading are sufficient at least to state cognizable claims against

18   defendants Felker, McBrie, Pattion, Amero, Pinneo, Hougland, Farley, Tuter, French, Crane,

19   Baker, Harrison, Ingwerson, Robbertson, Abamonga, Wright, and Gunter.  *See* 28 U.S.C.

20   § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

21   copy of the complaint filed November 6, 2009, 17 USM-285 forms and instructions for service

22   of process on defendants Felker, McBrie, Pattion, Amero, Pinneo, Hougland, Farley, Tuter,

23   French, Crane, Baker, Harrison, Ingwerson, Robbertson, Abamonga, Wright, and Gunter.

24   Within 30 days of service of this order plaintiff may return the attached Notice of Submission of

25   Documents with the completed summons, the completed USM-285 forms, and 18 copies of the

26   November 6, 2009 complaint.  The court will transmit them to the United States Marshal for

8

1    service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants

2    Felker, McBrie, Pattion, Amero, Pinneo, Hougland, Farley, Tuter, French, Crane, Baker,

3    Harrison, Ingwerson, Robbertson, Abamonga, Wright, and Gunter will be required to respond to

4    plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil

5    Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as

6    consent to an order dismissing his defective claims against defendants Vanderville, Peely,

7    Brook, Lawrence, McCulley, Guillen, Carter, and Sanchez without prejudice.

8         3. Failure to comply with this order will result in a recommendation that this action be

9    dismissed.

10    Dated:  February 8, 2011.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

1

2

3

4                        IN THE UNITED STATES DISTRICT COURT

5                    FOR THE EASTERN DISTRICT OF CALIFORNIA

6    MALIK JONES,

7              Plaintiff,                    No. CIV S-09-3092 WBS EFB P

8         vs.

9    T. FELKER, et al.,

10             Defendants..          NOTICE OF SUBMISSION OF DOCUMENTS

11   _____/

12        In accordance with the court's order filed _____, plaintiff hereby

     elects to:

13        (1) _____   consent to the dismissal of defendants Vanderville, Peely, Brook,

14   Lawrence, McCulley, Guillen, Carter, and Sanchez without prejudice, and submits the following

15   documents:

16                  __1__      completed summons form

17                  __17__     completed forms USM-285

18                  __18__     copies of the November 6, 2009 Complaint

19        **OR**

20        (2) _____   delay serving any defendant and files a first amended complaint in an

21   attempt to state cognizable claims against defendants Vanderville, Peely, Brook, Lawrence,

22   McCulley, Guillen, Carter, and Sanchez.

23   Dated:

24

25                                      _____

26                                              Plaintiff