IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,                   No. 2:09-cv-3092 WBS EFB P

    vs.

T. FELKER, et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On May 6, 2013, the court dismissed this action after plaintiff failed to comply with the magistrate judge's March 4, 2013 order, directing plaintiff to either return documents necessary to effect service of process on defendants or file an amended complaint, within 30 days. On May 24, 2013, plaintiff filed a motion for reconsideration of the order of dismissal. The motion is denied.

        Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4); see also Fed. R. Civ. P. 60(b) (setting forth grounds for relief from judgment).

1

Plaintiff requests reconsideration on the grounds that he was unable to electronically file his amended complaint,[1] and that on an unspecified date after April 8, 2013, a copy of the amended complaint was mailed to the court via the United States Postal Service. This assertion does not warrant reconsideration. Plaintiff could have informed the court about his efforts to file an amended complaint in his April 29, 2013 objections to the magistrate judge's recommendation of dismissal. Inexplicably, plaintiff failed to do so. Moreover, the court never received plaintiff's amended complaint. Assuming plaintiff's belated representations about his efforts to file the amended complaint to be true, they also demonstrate plaintiff's failure to follow this court's Local Rules and orders, first by improperly attempting to electronically file it with the court as a pro se party, and second, by mailing it after the court's deadline for doing so had passed.

Through his request for reconsideration, plaintiff fails to demonstrate any new or different facts or circumstances that entitle him to reconsideration of the order of dismissal or to relief from judgment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 24, 2013 motion for reconsideration is DENIED.

Dated: June 18, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Local Rule 133(b)(2) provides that "[a]ny appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge" and that "[a]ll pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules."